IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MICHAEL RICHARDSON            *

    Plaintiff,             *

        v.                   *     1:08-CV-301-MEF
                                          (WO)
C/O LEARY, *et al.*,          *

    Defendants.            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail, files this 42 U.S.C. § 1983 complaint alleging that in February 2008 he was subjected to excessive force and denied adequate medical care. Plaintiff names as defendants Correctional Officers Leary, Chancey, Hartley, Poke, Fritzgerald, and Woods, Sgt. Buchman, Sgt. Davis, Sgt. Jones, and Medical Staff.

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of Plaintiff's claims against some of the named defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff has filed the instant action naming medical staff and several employees of the Houston County Jail as defendants. A review of the complaint reflects that Plaintiff's complaint makes only specific allegations against Officers Leary, Chancey, Fritzgerald, and Buchman. The complaint is devoid of any complaints or allegations against the other named defendants. The court, therefore, finds that the complaint, as pled, does not support a cause of action against Defendants Hartley, Poke, Woods, Davis, Jones, and medical staff.

While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, this complaint is devoid of any comprehensible cause of action against defendants Hartley, Poke, Woods, Davis, Jones, and medical staff. These defendants are, therefore, due to be dismissed as parties to the complaint.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Hartley, Poke, Davis, Woods, Jones, and medical staff be DISMISSED;

2. Defendants Hartley, Poke, Davis Woods, Jones, and medical staff be DISMISSED without prejudice as parties to the complaint.

It is further the RECOMMENDATION of the Magistrate Judge that this case with respect to Defendants Leary, Chancey, Fritzgerald, and Buchman be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 6, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of April 2008.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE